# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JAMES YOUNG CHONG ) | Case No. 21-10206-BFK |
| ) | Chapter 7 |
| Debtor ) | |
| ) | |
| ) | |
| ) | |
| JPMORGAN CHASE BANK, NATIONAL ) | |
| ASSOCIATION ) | |
| ) | |
| ) | |
| Movant ) | |
| ) | |
| v. ) | Contested Matter |
| ) | (Relief From Stay) |
| JAMES YOUNG CHONG ) | |
| ) | |
| and ) | |
| ) | |
| JANET M. MEIBURGER, TRUSTEE ) | |
| ) | |
| Respondents. ) | |

## TRUSTEE'S RESPONSE TO MOTION FOR RELIEF
## FROM THE AUTOMATIC STAY (REAL PROPERTY
## LOCATED AT 1653 FIELDTHORN AVE, RESTON, VA 20190)

Janet M. Meiburger, Chapter 7 Trustee herein, by her undersigned counsel, hereby files this response to the Motion for Relief from the Automatic Stay (Real Property Located at 1653 Fieldthorn Ave, Reston, VA 20190) (the "Motion") filed on behalf of JPMorgan Chase Bank, National Association (the "Movant") (Docket No. 23), seeking relief from the automatic stay to

---

Janet M. Meiburger, VA Bar No. 31842
The Meiburger Law Firm, P.C.
1493 Chain Bridge Road, Suite 201
McLean, VA 22101
(703) 556-7871
Counsel to Chapter 7 Trustee

permit the Movant to foreclose on the real property located at 1653 Fieldthorn Ave, Reston, VA 20190 (the "Property").

Defined terms used in the Motion will be used in this Response.

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted. However, the Movant's note and mortgage were only signed by the Debtor and therefore the Movant's mortgage encumbers only the Debtor's interest in the Property.

5. Admitted.

6. Admitted.

7. The Trustee lacks sufficient information to admit or deny the allegations of this paragraph regarding the amount due and demands strict proof thereof.

8. The Trustee lacks sufficient information to admit or deny the allegations of this paragraph regarding the amount due and demands strict proof thereof.

9. The Trustee lacks sufficient information to admit or deny the allegations of this paragraph regarding the amount due and demands strict proof thereof.

10. Admitted that a payment history is attached to the Motion as Exhibit 1. However, the Trustee lacks sufficient information to determine the accuracy of the payment history and demands strict proof thereof.

11. Denied. The Trustee has listed the Property for sale at an asking price of $415,000.00. Therefore, the Trustee believes that the value is significantly greater than $378,250.00.

12. Admitted that the Movant is requesting the relief described in this paragraph.

13. Denied. On April 22, 2021, the Court entered an order approving the employment of Helaine Newman of the firm Berkshire Hathaway Home Services-PenFed Realty as the exclusive listing agent for the sale of the Property (Docket No. 21), and the Property has been placed on the Market at an asking price of $415,000.00.

14. By way of further response, the Trustee states that the property of the bankruptcy estate includes the Debtor's partial interest in this Property and in two other properties located at 13044 Red Admiral Pl., Fairfax, VA 22033 (the "Red Admiral Property") and 14615 Willow Creek Dr., Centreville, VA 20120 (the "Willow Creek Property"). All of these properties have equity. This Property is owned by the Debtor as joint tenants with his mother, Sun Chong, and his brother, David Chong. The Red Admiral Property is the residence of the Debtor and his mother and is owned by them as joint tenants. The Willow Creek Property is a rental property and is owned by the Debtor with his mother and brother as joint tenants.

15. The Trustee has reached an agreement with the Debtor, Sun Chong and David Chong whereby, in lieu of selling all three properties, the Trustee will sell this Property only and the bankruptcy estate will receive all of the proceeds, not just the Debtor's share. The Trustee believes that, under this arrangement, the estate will receive as much as it would have received if all three properties were sold and the estate received the Debtor's share of the equity in all three properties. The Trustee will seek approval of this arrangement in conjunction with the motion to approve the sale of the Property.

16. The Movant's mortgage is the second mortgage on the Property. According to the Motion, the amount due on the Movant's debt was $9,107.57 as of April 12, 2021. According to a mortgage statement provided by the Debtor, the amount due on the first mortgage as of February 1, 2021 was $159,180.17. Therefore, there is significant equity in the Property over and above the mortgages which provides adequate protection to the Movant.

WHEREFORE, Janet M. Meiburger, Chapter 7 Trustee herein, respectfully requests that the Court deny the Motion for Relief from the Automatic Stay (Real Property Located at 1653 Fieldthorn Ave, Reston, VA 20190), and grant such other and further relief as the Court deems appropriate under the circumstances.

        Respectfully submitted,

        The Meiburger Law Firm, P.C.

Dated: May 11, 2021        By: /s/ Janet M. Meiburger
        Janet M. Meiburger, Esq., VSB No. 31842
        The Meiburger Law Firm, P.C.
        1493 Chain Bridge Road, Suite 201
        McLean, VA  22101
        (703) 556-7871
        *Counsel to Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of May, 2021, I caused a true and correct copy of the foregoing Trustee's Response to Motion for Relief from the Automatic Stay (Real Property Located at 1653 Fieldthorn Ave, Reston, VA 20190) to be served by ECF e-mail pursuant to the applicable Standing Order of the Court.

/s/ Janet M. Meiburger
Janet M. Meiburger